No. 31,804

THE STATE HIGHWAY COMMISSION OF KANSAS, *Plaintiff*, v. PAN-
HANDLE EASTERN PIPE LINE COMPANY, *Defendant*.

(33 P. 2d 151.)

 Opinion denying a rehearing filed June 9,
1934. (For original opinion see ante, p. 185, 29 P. 2d 1104.)

*Wint Smith*, attorney for the state highway commission, and *Otho W.
Lomax*, of Cherryvale, for the plaintiff.

*G. J. Neuner*, of Kansas City, Mo., for the defendant.

The opinion of the court was delivered by

BURCH, J.: In a petition for rehearing the pipe-line company
undertakes to limit an admission in its answer in such a way that,
as against a motion for judgment on the pleadings, a question of
fact would be raised by the general denial contained in the answer.

The motion for the writ alleged the highway commission was en-
gaged in highway construction and improvement, had for the pur-
pose procured rights of way, and the highway changes were neces-
sary for public safety and convenience. The answer admitted "ne-
cessity for the construction of such highways, as alleged."

The motion for the writ alleged plans and specifications for the
highway improvement had been adopted, and the highways would
intersect pipe-line rights of way. The motion described the specific
pipe-line changes "necessary to be made." The motion also con-
tained the following allegation:

"It is necessary and in the interest of public safety that at such points of
intersection the pipe lines and telephone lines of the pipe-line company be
changed, lowered, encased or moved, all in accordance with the plans and
specifications adopted and approved by the highway commission for the com-
pletion of said highway improvement."

The answer admitted adoption of the plans and specifications, and
admitted "such changes should be made if said new highways are
constructed and opened to the public." The answer also contained
the following:

"Admits the necessity of changing, lowering, encasing or moving of de-
fendant's pipe lines and telephone lines, as alleged by plaintiff, if new highways
are constructed and opened for the use of the public at the locations mentioned
and described."

The answer then proceeded to enumerate reasons why the pipe-line company should not be required to make the changes at its own expense. It is now said the last-quoted admission went only to necessity, and not to necessity in the interest of public safety. The admission was of necessity "as alleged," and the allegation was of necessity plus interest of public safety. The pleadings are not to be considered as ancient common-law pleadings in a criminal case, but according to their fair import. The point now made was not presented in the pipe-line company's brief as one bearing on the subject of exercise of the police power of the state by the highway commission, is evidently an afterthought, and is not well taken.

Besides what has been said, when unqualified necessity for the pipe-line changes as a feature of highway construction was expressly admitted, basis for exercise of the police power was admitted, and the pipe-line company would be in the same situation if its point on the pleadings were well taken.

The petition for rehearing contains nothing of substance which is new, and it is denied.